NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

(INTERFERENCE NO. 105, 746)
## IN RE ALLVOICE DEVELOPMENTS US LLC,
*Petitioner.*

---

Miscellaneous Docket No. 948

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

Before RADER, *Chief Judge*, BRYSON and MOORE, *Circuit Judges.*

RADER, *Chief Judge.*

## ORDER

Allvoice Developments US LLC petitions for a writ of mandamus directing the United States Patent and Trademark Office, Board of Patent Appeals and Interferences to vacate its decision declaring an interference and remand the application to the examiner for further prosecution or to order the Board to issue a show cause order

why judgment should not be entered against the applicant and to stay all deadlines in the interference.

The PTO proceedings involve U.S. Patent No. 5,799,272 (the '272 patent), issued August 28, 1998 and assigned to Allvoice, and patent application no. 09/351,542, the application in interference, which is assigned to Advanced Voice Recognition Systems, Inc. (AVRS). The application in interference is a continuation of a patent application no. 08/566,077, filed on November 13, 1995, and includes claims copied from the '272 patent. The PTO declared an interference between Allvoice and AVRS on March 9, 2010, with AVRS designated the senior party.

The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1998). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

Allvoice argues that the PTO's declaration of an interference without a written record is arbitrary, capricious, and unlawful under the Administrative Procedure Act, 5 U.S.C. § 706. Allvoice contends that pursuant to this court's decision in *Agilent Techs., Inc. v. Affymetrix, Inc.*, 567 F.3d 1366 (Fed. Cir. 2009), claims copied by an applicant must be construed in accord with their originating specification. Allvoice argues that the Director of the PTO failed to form a lawful opinion as required by 35 U.S.C. § 135(a) that an interference exists. Allvoice asserts that any such opinion was "based upon erroneously construing

the copied claims in view of the applicant's specification, contrary to *Agilent*."

The court determines that Allvoice has not shown that it has a clear and indisputable right to issuance of a writ of mandamus. In essence, Allvoice's petition asserts that the PTO did not apply the correct law in determining whether an interference exists. However, Allvoice has not demonstrated that any error by the PTO cannot be corrected through an ordinary appeal after the PTO proceedings have concluded. Thus, Allvoice has not shown that it has no other means for attaining the relief it seeks and the petition is denied.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

AUG  -2 2010                          /s/ Jan Horbaly

Date                                  Jan Horbaly
                                      Clerk

cc:  Chris P. Perque, Esq.
     Raymond T. Chen, Esq.
     Charles L. Gholz, Esq.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 0 2 2010

JAN HORBALY
CLERK

s17